UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-00411-H

LESLIE GALINDO, ADMINISTRATRIX,
OF THE ESTATE OF JOHN GALINDO, Deceased                           PLAINTIFF

V.

UNIVERSITY MEDICAL CENTER, INC. d/b/a
UNIVERSITY OF LOUISVILLE HOSPITAL,                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The matter before the Court is Plaintiff, Leslie Galindo's motion to remand. In support of her motion, Plaintiff argues that this Court lacks original jurisdiction, and therefore pursuant to 28 U.S.C. § 1447, it must remand the action back to state court. A complaint must do something more than mention a federal standard in order to confer federal jurisdiction over state law claims. For the reasons set forth below, the Court will sustain Plaintiff's motion and remand to Jefferson County Circuit Court.[1]

I.

On April 3, 2013, Plaintiff filed this action on behalf of her husband, John Galindo, against Defendant, University Medical Center, Inc. d/b/a University of Louisville Hospital, in the Jefferson County Circuit Court, for damages resulting from its alleged negligent care of her husband. Plaintiff's complaint contains two counts: negligence and corporate negligence. Plaintiff's negligence count contains a negligence per se claim predicated on violations of several Kentucky statutes.

---

[1] Because the Court will grant Plaintiff's motion to remand, the Court will not address Defendant's motion for a more definite statement.

1

On April 18, 2013, Defendant removed to this Court, invoking federal jurisdiction under 28 U.S.C. §§ 1331 and 1446. Defendant contends that a claim in Plaintiff's negligence per se count alleges violations of federal law, and more specifically violations of Titles XVIII or XIX of the Social Security Act. Plaintiff maintains that her action is neither dependent upon, nor created by federal law, and as such, this Court lacks jurisdiction and must remand the matter.

II.

A defendant may remove a civil action to federal court only when the action is one in which a federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. One source of original jurisdiction is federal question jurisdiction, which is present where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantive question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers*, 463 U.S. 1, 27-8 (1983); *see* 28 U.S.C. § 1331. This Court has previously explained that

> federal question jurisdiction may lie only where the plaintiff's right to relief *depends necessarily* on a substantial question of federal law. Where a federal standard is used in a state law claim, the court believes that the success of the state claim will only necessarily depend on the federal statute where the two are precisely co-extensive. That is to say, the locus of conduct proscribed by the federal and state statutes must be exactly the same. Where it is possible for a court to conclude that one was violated and the other was not, no substantial federal question exists.

*Com. of Ky.* ex rel. *Gorman v. Comcast Cable of Paducah, Inc.*, 881 F. Supp. 285, 288 (W.D. Ky. 1995) (internal citation omitted).

In Plaintiff's negligence count, she alleges that

> Pursuant to KRS 446.070 . . . Defendant violated statutory and regulatory duties of care [including]. . . e) [v]iolation(s) of the statutory standards and requirements governing licensing and operation of hospitals as set forth by the Kentucky Legislature and the Cabinet for Health and Family Services, pursuant to the provisions of KRS Chapters 216 and 215B and the

2

> regulations promulgated thereunder, as well as the applicable federal laws
> and regulations governing the certification of hospitals under Titles XVIII
> or XIX of the Social Security Act.

ECF No. 1-2 at ¶27. KRS § 446.070 is a private-right-of-action statute that "'creates liability by virtue of the breach of duty' established by any other Kentucky statute." *Thompson v. Estate of Porter*, 2013 WL 2257710, *6 (Ky. Ct. App. May 24, 2013) (citing *Collins v. Hudson*, 48 S.W.3d 1, 4 (Ky. 2001)); *see also Young v. Carran*, 289 S.W.3d 586, 589 (Ky. Ct. App. 2008) ("Kentucky courts have held that the 'any statute' language of KRS 446.070 is limited to Kentucky statutes and does not extend to federal statutes and regulations.") (internal quotation omitted). In this claim, Plaintiff is asserting she is entitled to relief pursuant to KRS § 446.070 because Defendant violated certain state licensing statutes.

Though ¶27 of the complaint does mention federal law, the claim challenges Defendant's licensing pursuant to KRS Chapters 216 and 216B, which sets forth the licensing requirements to maintain a health care facility in Kentucky. As alleged, the reference to federal law can only be considered an assertion that the failure to adhere to certain federal mandates is evidence of a state health care licensing law violation.[2] This is insufficient grounds to assert a federal claim. *See Gorman*, 881 F. Supp. at 288 ("It is well-established that the necessity of construing a federal statute in the evaluation of an otherwise purely state law claim is an insufficient basis for conferring original federal jurisdiction.").[3]

---

[2] For instance, KRS § 216.555 provides that the state cabinet must issue a citation to a licensee if its facility has violated "applicable federal law and regulations governing the certification of a long-term facility under Title 18 or 19 of the Social Security Act." *See also* KRS § 216.380(9)(a) (providing that state critical access hospitals must meet some staffing requirements as required by section 1861(e) of Title XVIII of the Social Security Act). Thus the federal law cited in the state statutes merely define what conduct is objectionable under state law.

[3] Even if the Court were to find that the complaint's language somehow conferred federal question jurisdiction, the sole claim implicating federal law would be dismissed. *See Pace v. Medco Franklin RE, LLC*, 2013 WL 3233469, *2 (W.D. Ky. June 25, 2013) (dismissing the negligence per se claim based on violations of federal law because violations of federal law and regulations do not create a cause of action based on KRS § 446.070). Federal courts may decline to exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(c), when all federal

3

Plaintiff brings this claim pursuant to KRS 446.070, which again "relates only to Kentucky's state law and does not embrace federal statutes or regulations." *Pace*, 2013 WL 3233469 at*2. Accordingly, Plaintiff's complaint clearly advances a negligence *per se* claim for violations of Kentucky law. Plaintiff's right to relief here does not depend on federal standards, and therefore, this court lacks federal question jurisdiction. As such, the matter must be remanded back to state court.

### III.

Plaintiff asks the Court to award her attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." However, attorney's fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court is remanding this matter back to state court, Defendant's arguments were not "objectively unreasonable." Accordingly, no fee award is warranted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED, and the action is REMANDED to the Jefferson County Circuit Court.

---

claims are dismissed. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Martin v. W. Ky. Univ.*, 2012 WL 693928, *2 (W.D. Ky. Feb. 29, 2012).

cc: Counsel of Record
 Jefferson Circuit Court